# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELORES WESTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|  vs. | )    **No. 07-CV-88-WDS** |
| | ) |
| **WAL-MART STORES, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM & O R D E R

**STIEHL, District Judge:**

Before the Court is defendant's motion for summary judgment (Doc. 18), to which plaintiff filed a response (Doc. 23), and the defendant a reply (Doc. 27).

## BACKGROUND

On or around December 9, 2005, the plaintiff, Delores Weston, slipped and fell on water inside the entranceway of a Belleville, Illinois Wal-Mart store. The source of the water was melted snow tracked inside the store by customers. Prior to her fall, orange triangle warning cones had been placed around the entranceway by Wal-Mart employees.

Plaintiff contends that defendant, Wal-Mart Stores, Inc., is liable for its negligent failure to prevent plaintiff's slip and fall. Plaintiff further alleges that by placing the warning cones around the store's entrance, defendant voluntarily assumed a duty of care to plaintiff. Defendant asserts that Illinois' natural accumulation rule shields defendant from liability as a matter of law.

## LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter

of law." FED. R. CIV. P. 56(c). A genuine issue of fact exists "if the evidence is such that reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. To prove negligence under Illinois law, "the plaintiff must set forth sufficient facts to establish a duty owed by defendants to the plaintiff, a breach of that duty and an injury caused by the breach." *Tzakis v. Dominick's Finer Foods, Inc.*, 826 N.E.2d 987, 992 (Ill.App.Ct. 2005) (citing *Graf v. St. Luke's Evangelical Lutheran Church*, 625 N.E.2d 851 (Ill.App.Ct. 1993)).

## ANALYSIS

Illinois law has long recognized the rule that generally a business owner is not liable for injuries resulting from natural accumulations of ice, snow or water. *See Tzakis*, 826 N.E.2d at 992; *Roberson v. J.C. Penny Co.*, 623 N.E.2d 364, 367 (Ill.App.Ct. 1993); *Handy v. Sears Roebuck & Co.*, 538 N.E.2d 846, 848 (Ill.App.Ct. 1989); *Lohan v. Walgreens Co.*, 488 N.E.2d 679, 680 (Ill.App.Ct. 1986). A business owner "also has no duty to remove water that patrons track into its building by walking through natural accumulations outside the building." *Roberson*, 623 N.E.2d at 367. "However, a landowner may be liable for injuries caused by an unnatural accumulation of ice, snow or water, or for a condition that aggravates a natural accumulation." *Id.*

Illinois law has adopted a theory of voluntary undertaking based on the Restatement (Second) of Torts, § 324A. *Roberson*, 623 N.E.2d at 366. Section 324A states in pertinent part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise

> reasonable care increase the risk of such harm, or ... (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Restatement (Second) of Torts, §324A(a), (c) (1965). Under a theory of voluntary undertaking, the duty of care to be imposed upon the defendant is limited to the extent of the undertaking. *Roberson*, 623 N.E.2d at 366. *See also Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557, 563 (Ill. 1992). Thus, a voluntary undertaking, such as the placement of salt or mats in front of a trafficked entranceway to alleviate a natural accumulation, may only subject a defendant to liability if that undertaking is performed negligently. *See Tzakis*, 826 N.E.2d at 992 (holding that placement of salt on snow not negligent); *Lohan v. Walgreens Co.*, 488 N.E.2d 679, 682 (Ill.App.Ct. 1986) (holding that failure to place additional safety mats in entrance not negligent). "[W]here the accumulation is a natural one there is no duty to continue a voluntary undertaking to remove it, nor is there any liability even where the owner may be charged with knowledge that the accumulation caused a dangerous condition." *Lohan*, 488 N.E.2d at 682.

In plaintiff's response to defendant's motion for summary judgment, plaintiff concedes that the source of the water that caused plaintiff to slip and fall was the natural accumulation of snow from outside the store, tracked in by customers. Therefore, the natural accumulation rule applies. Even in the absence of plaintiff's concession, the natural accumulation rule would still apply because the evidence in the record indicates that the accumulation of water in the entranceway was due solely to the slushy conditions outside the store. Applying the natural accumulation rule, defendant had no duty to remove the natural accumulation, nor warn its customers of its existence.

Plaintiff asserts that defendant assumed a voluntary duty of care when its employees placed orange warning cones around the store entranceway. Plaintiff complains that she did not see the orange cones and this contributed to her slip and fall. However, it is irrelevant whether

plaintiff actually saw the cones or not. Under Illinois law, the defendant can only be liable for the *negligent* placement of the orange warning cones. Although the record is unclear as to where the cones were actually placed, there is no evidence in the record that defendant's employees failed to use reasonable care in placing the cones.

Furthermore, defendant can only be held liable to the extent of the undertaking it took. Here, the extent of placing the warning cones in the entranceway was to warn customers presumably of potentially wet conditions. Plaintiff's deposition, however, indicates that she was aware of the "slushy" conditions prior to entering the store and that she took notice of the water before she slipped. Thus, any duty of warning allegedly undertaken by defendant in the placement of the cones was already assumed by plaintiff prior to her slip and fall.

For the foregoing reasons, the Court **GRANTS** defendant's motion for summary judgment. Judgment is entered in favor of defendant Wal-Mart Stores, Inc. and against plaintiff Delores Weston on all claims. Each party shall bear its own costs.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 10, 2008

                  **s/ WILLIAM D. STIEHL**
                     **District Judge**